Roberto Robledo (SBN 260041)
LAW OFFICES OF ROBERTO ROBLEDO
9845 Erma Road, Suite 300
San Diego, California 92131
(619) 500-6683
(619) 810-2980 fax
*roberto@robertorobledo.com*

Attorneys for Plaintiff Melissa Kimari

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Melissa Kimari**, an individual,<br><br>Plaintiff,<br><br>v.<br><br>**Kubler Corporation, d/b/a Alternate Recovery Management, a corporation**<br><br>Defendant. | Case No.   **'14CV0463 L    BLM**<br><br>**Verified Complaint for Damages**<br><br>Jury Trial Demanded |

### Introduction

1.   Melissa Kimari ("Plaintiff"), brings this action for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of Kubler Corporation, d/b/a Alternate Recovery Management ("Defendant"), and their agents with regard to attempts by Defendants, debt collectors, to unlawfully and abusively collect a debt allegedly owed by Plaintiff, causing Plaintiff damages.

2.   For purposes of this Complaint, unless otherwise indicated, "Defendant" includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers of Defendant(s) named in this caption.

Verified Complaint—1

## Jurisdiction and Venue

3. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d), and pursuant to 28 U.S.C § 1367 for pendent state law claims.

4. This action arises out of Defendant's violations of the following: the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA"), the Rosenthal Fair Debt Collection Practices Act, California Civil Code §§ 1788-1788.32 ("RFDCPA"), and the invasions of Plaintiff's personal and financial privacy.

5. Venue is proper in this District pursuant to 28 U.S.C § 1391(b), in that the Defendants transact business in this District and the acts giving rise to this action occurred in this District.

## Parties

6. Plaintiff is a natural person who resides in the County of San Diego, State of California and is obligated or allegedly obligated to pay a debt and is a "consumer" as that term is defined by 15 U.S.C § 1692a(3).

7. Plaintiff is a natural person from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiff and is a "debtor" as the term is defined by Cal. Civ. Code § 1788.2(h).

8. Plaintiff is informed and believes, and thereon alleges, that Defendant is a California corporation operating from an address of 8204 Parkway Drive, Suite 9, La Mesa, California 91942.

9. Plaintiff is informed and believes, and thereon alleges, that Mike Anderson ("Agent Anderson") is a natural person who was employed at all times relevant herein by Defendant as a collection agent, but whose true name is unknown.

Verified Complaint—2

1      10.   Plaintiff is informed and believes, and thereon alleges, that Defendants are persons who use an instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts, owed or due or asserted to be owed or due another and are "debt collectors" as that term is defined by 15 U.S.C. § 1692a(6).

    11.   Plaintiff is informed and believes, and thereon alleges, that Defendants are not attorneys or counselors at law and are persons who, in the ordinary course of business, regularly, on behalf of themselves or others, engages in debt collection as that term is defined by Cal. Civ. Code § 1788.2(b), and are "debt collectors" as that term is defined by Cal. Civ. Code § 1788.2(c).

    12.   This case involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction. As such, this action arises out of a "consumer debt" and "consumer credit" as those terms are defined by Cal. Civ. Code § 1788.2(f).

## Factual Allegations

    13.   At all times relevant, Plaintiff was an individual residing within the State of California.

    14.   Plaintiff is informed and believes, and thereon alleges, that all times relevant, Defendant conducted business in the State of California.

    15.   Sometime before January 2012, Plaintiff allegedly incurred financial obligations to La Mesa Spring Valley School District that were money, property, or their equivalent, which is due or owing, or alleged to be due or owing, from a natural person to another person and were therefore "debt(s)" as that term is defined by Cal. Civ. Code § 1788.2(d) and a "consumer debt" as that term is defined by Cal. Civ. Code § 1788.2(f).

Verified Complaint—3

16. These financial obligations were primarily for personal, family or household purposes, more specifically, childcare services, and are therefore "debt(s)" as that term is defined by 15 U.S.C. § 1692a(5).

17. Shortly thereafter, but before January 2012, Plaintiff fell behind in the payments allegedly owed on the alleged debt.

18. Plaintiff is informed and believes, and thereon alleges, that subsequent to falling behind in payments on the alleged debt for the childcare services, the alleged debt was assigned, placed, or otherwise transferred to Defendant for collection.

19. Defendant's numerous communications with Plaintiff and third parties, discussed in this Complaint, fall within the term "communication" as it is defined by 15 USC § 1692a(2) and a "debt collection" as that term is defined by Cal. Civ. Code § 1788.2(b).

### *July 9, 2013 Defendant's Fax*

20. On July 9, 2013, Defendant sent a fax titled "A.R.M. EMPLOYMENT VERIFICATION" to the attention of Payroll or HR Dept. at Plaintiff's place of employment. The fax is attached hereto as Exhibit A.

21. Plaintiff's coworker, Bob [LAST NAME REDACTED], saw and retrieved the one page document from the fax machine. He read the document, and delivered it to Plaintiff.

22. Defendant's fax sought Plaintiff's home telephone number, hire date, department, supervisor, nature of employment, hours worked per week, days of the week worked, salary, hourly rate, and the name, title, date, and signature of the party who filled out the form.

23. Plaintiff is informed and believes a judicial remedy for the alleged debt has not been sought or granted. Plaintiff has never been summoned to appear at a civil proceeding for the alleged debt.

24. This communication to this third party was without Plaintiff's prior consent, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a post judgment judicial remedy, and was in connection with the collection of the alleged debt, and with a person other than Plaintiff, Plaintiff's attorney, a consumer reporting agency, the creditor, the attorney of the creditor, or the attorney of the debt collector. Further, this communication to this third party was not provided for in 15 USC § 1692c(b). As such, this action by Defendant violates 15 USC § 1692c(b), and because Defendant's action violated 15 USC § 1692c(b), it also violated Cal. Civ. Code § 1788.17.

25. Additionally, Defendant's conduct in attempting to collect a debt by communicating with Plaintiff's employer violated Cal. Civ. Code § 1788.12(a) as the request was not limited to the verification of debtor's employment, location of debtor, or an effort to effectuate garnishment of Plaintiff's wages.

### *July 10, 2013*
### *Defendant's Voicemail Message to Plaintiff*

26. On July 10, 2013, Defendant called Plaintiff's place of employment and left a voicemail for Plaintiff. The voicemail message is transcribed below in its entirety.

> "Yeah Melissa Kimari this is Mike Anderson, ahh listen, I faxed over that paperwork over to your HR department yesterday and ahh I'm assuming this voicemail is a valid voicemail so if you can just tell them to disregard that we now have confirmation already ahh by the voicemail. If you want to get this resolved voluntarily call my office back at 619 567-5408 we would need to hear from you ahh within the next 48 hours, if not, ahh don't bother calling, okay, good luck."

27. This telephone message to Plaintiff was an "initial communication" with Plaintiff consistent with 15 USC § 1692g(a).

Verified Complaint—5

28. Defendant's message failed to disclose that Defendant was a debt collector attempting to collect a debt and that any information obtained will be used for that purpose, therefore violating 15 USC § 1692e(11).

29. Defendant's message did not provide meaningful disclosure of the caller's identity. While the caller left his name, Mike Anderson, Defendant omitted their corporate or business name. This omission was a failure to provide meaningful disclosure to Plaintiff and violates 15 USC § 1692d(6).

30. In failing to identify the agency Agent Anderson represented during the call, Defendant also violated Cal. Civ. Code § 1788.11(b).

31. Defendant failed within 5 days after this initial communication with Plaintiff, to provide written notification containing a statement that unless the consumer, within thirty days after the receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debtor, and failed within five days after the initial communication with Plaintiff to provide written notification of a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debtor or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer with the name and address of the original creditor, thereby violating 15 USC §§ 1692e, 1692e(10), 1692f, and 1692g.

32. In violating 15 USC §§ 1692e(11), 1692d(6), 1692e, 1692e(10), 1692f, and 1692g, Defendant's actions also violated Cal. Civ. Code § 1788.17.

### *July 12, 2013*
### *Defendant's Telephone Conversation with Plaintiff*

33. On July 12, 2013, Plaintiff received and answered a call from Defendant at her place of employment. The caller identified himself as Mike Anderson. Defendant was rude, aggressive, and intimidating during the conversation and caused Plaintiff to feel frightened.

Verified Complaint—6

34. During the conversation, Defendant failed to disclose that Defendant was a debt collector. Defendant's failure to disclose this information violates 15 USC § 1692e(11).

35. While the caller identified himself as Mike Anderson, the name of Defendant's business was omitted. This omission was a failure to provide meaningful disclosure to Plaintiff and violates 15 USC § 1692d(6).

36. In violating 15 USC §§ 1692e(11) and 1692d(6), Defendant also violated Cal. Civ. Code § 1788.17.

*July 12, 2013*

***Defendant's Telephone Conversation with Plaintiff's Coworker***

37. Shortly thereafter, Agent Anderson once again placed a call to Plaintiff's place of employment. Plaintiff's coworker and sister Danielle [LAST NAME REDACTED], answered the phone identifying herself and her place of employment.

38. Agent Anderson asked to speak with Plaintiff. Danielle responded that Plaintiff was unavailable and asked what the call was concerning. Agent Anderson stated that he was calling in regards to a court order and wage garnishment against Plaintiff. Danielle asked Agent Anderson to stop calling. Agent Anderson began yelling at Danielle. He shouted, asking her if she knew what a court order was. Danielle repeatedly asked Agent Anderson to please stop calling. Agent Anderson ignored her and continued shouting over her voice. He threatened that she would now be involved in this matter. Plaintiff, overhearing the conversation, feeling fear for her coworker and embarrassment for herself reached over and hung up the phone.

39. Danielle and Plaintiff were both extremely distressed after the call. They were shocked, upset, and frustrated. Danielle did not understand why Agent Anderson had yelled at her and felt vulnerable and powerless. Danielle was on the verge of tears and was shaking. Plaintiff was in tears and was embarrassed by the

conversation and scared of what the Defendant would do next. She felt sick, uncomfortable, and was trembling. Danielle and Plaintiff could not continue working and they sat together to discuss what had occurred.

40. This communication with Danielle, a third party, was without Plaintiff's prior consent, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a post judgment judicial remedy, and was in connection with the collection of the alleged debt, and with a person other than Plaintiff, Plaintiff's attorney, a consumer reporting agency, the creditor, the attorney of the creditor, or the attorney of the debt collector. Defendant's communication to this third party was not provided for in 15 USC § 1692c(b) and therefore violates 15 USC § 1692c(b).

41. Defendant's communication regarding Plaintiff's debt, with Plaintiff's sister Danielle, violates Cal. Civ. Code § 1788.12(b).

42. In yelling and threatening Plaintiff's coworker, Danielle, Defendant engaged in conduct the natural consequence of which was to harass, oppress, or abuse both Danielle and Plaintiff in violation of 15 USC §§ 1692d and 1692d(2).

43. Defendant made a false, deceptive, or misleading representation in the collection of a debt when Defendant inaccurately stated to Danielle that he had a court order for wage garnishment when no such order exists. Defendant's conduct violates 15 USC §§ 1692e and 1692e(10).

44. Defendant's communication with Plaintiff's coworker and Defendant's threat and use of deceptive and abusive language during that conversation was an unconscionable and unfair means to collect or attempt to collect a debt in violation of 15 USC § 1692f.

45. In violating 15 USC §§ 1692c(b), 1692d, 1692d(2), 1692e, 1692e(10), and 1692f, Defendant also violated Cal. Civ. Code § 1788.17.

*July 12, 2013*

***Defendant's Voicemail Message to Plaintiff's Boss***

Verified Complaint—8

46. On July 12, 2013, shortly after Defendant's conversation with Plaintiff and Danielle [LAST NAME REDACTED], Agent Anderson called Plaintiff's boss and father, Andy [LAST NAME REDACTED], at Plaintiff's place of employment and left a voicemail message. The voicemail message is transcribed below in its entirety.

> "Yeah Andy [LAST NAME REDACTED], how you doing, this is Mike Anderson, hey ahh I've spoken to Melissa very briefly, just a minute or so she just hung up, ahh I have a legal matter that's going to be filed in her name out of my office, ahh my office number is 619 567-5408, it's Mike Anderson reference number 445149. If I don't hear from you or her ahh then we'll be in touch and ahh it's not going to be in her favor. Simple as that. She's a very rude person, ahh I'm assuming you're her husband, I expect a return phone call."

47. This communication with Plaintiff's boss, a third party, was without Plaintiff's prior consent, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a post judgment judicial remedy, and was in connection with the collection of the alleged debt, and with a person other than Plaintiff, Plaintiff's attorney, a consumer reporting agency, the creditor, the attorney of the creditor, or the attorney of the debt collector. Defendant's communication to this third party was not provided for in 15 USC § 1692c(b) and therefore violates 15 USC § 1692c(b).

48. Defendant's threat that he had a legal matter that would be filed out of his office was a false, deceptive, or misleading representation in the collection of a debt as a lawsuit or civil proceeding has never been filed in regards to the alleged debt. During Defendant's conversation with Danielle, that same day, Defendant stated that he already had a court order for wage garnishment while knowing no such order existed. Accordingly, Defendant's conduct violated 15 USC §§ 1692e, 1692e(5), and 1692e(10).

49. Defendant's deceptive comment and communication with Plaintiff's boss was an unconscionable and unfair means of collecting a debt as Defendant's

1  conduct risked Plaintiff's employment and professional relationship with her
2  employer. Defendant's conduct violated 15 USC § 1692f.

3  50. In violating 15 USC §§ 1692c(b), 1692e, 1692e(5), 1692e(10), and
4  1692f, Defendant also violated Cal. Civ. Code § 1788.17.

### *July 12, 2013*
### *Defendant's Telephone Conversation with Plaintiff's Boss*

51. After listening to the message left by Defendant, Plaintiff's boss Andy returned Defendant's call. Andy spoke with Agent Anderson, Defendant's employee and collector. During their conversation, Defendant revealed that Plaintiff owed them money for a debt in the approximate amount of $660.00. Defendant also revealed that the debt was for an after school program for Plaintiff's son.

52. This communication with Andy, a third party, was without the prior consent of Plaintiff, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a post judgment judicial remedy, and was in connection with the collection of the alleged debt, and with a person other than Plaintiff, Plaintiff's attorney, a consumer reporting agency, the creditor, the attorney of the creditor, or the attorney of the debt collector. Defendant's communication to this third party was not provided for in 15 USC § 1692c(b) and therefore violates 15 USC § 1692c(b).

53. Defendant's conduct in attempting to collect a debt by communicating with Plaintiff's employer violated Cal. Civ. Code § 1788.12(a) as the request was not limited to the verification of debtor's employment, location of debtor, or an effort to effectuate garnishment of Plaintiff's wages.

54. Defendant's communication with Plaintiff's father Andy about Plaintiff's debt violated Cal. Civ. Code § 1788.12(b).

55. Defendant's disclosure of Plaintiff's alleged debt to Plaintiff's boss Andy, was an unconscionable and unfair means of collecting a debt in violation of

15 USC § 1692f as Defendant risked Plaintiff's employment and professional relationship with her employer.

56. In violating 15 USC §§ 1692c(b) and 1692f, Defendant also violated Cal. Civ. Code § 1788.17.

### *Respondeat Superior Liability*

57. The acts and omissions of Agent Anderson, a debt collector employed as an agent by Defendant who communicated with Plaintiff as described in this Complaint, were committed within the time and space limits of his agency relationship with his principal, Defendant.

58. The acts and omissions by Agent Anderson were incidental to, or of the same general nature as the responsibilities that agents were authorized to perform by Defendant in collecting consumer debts.

59. By committing these acts and omissions against Plaintiff, Agent Anderson was motivated to benefit his principal, Defendant.

60. Defendant is therefore liable to Plaintiffs through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of state and federal law by Agent Anderson, including but not limited to violations of the FDCPA, RFDCPA, and Invasion of Privacy by Intrusion Upon Seclusion.

**First Claim for Relief—Violations of the Fair Debt Collections Practices Act 15 USC § 1692 et seq.**

61. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

62. The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 USC § 1692 et seq.

63. As a result of each and every one of Defendant's violations of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 USC § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant.

**Second Claim for Relief—Violation of the Rosenthal Fair Debt Collection Practices Act §§ 1788-1788.32 (RFDCPA)**

64. Plaintiff re-alleges and incorporates by reference the above paragraphs as though set forth fully herein.

65. The foregoing acts and omissions of Defendants constitute numerous and multiple violations of the RFDCPA, including but not limited to each and every one of the above-cited provisions of Cal. Civ. Code §§ 1788-1788.32.

66. As a result of Defendant's violations of the RFDCPA, Plaintiff is entitled to any actual damages pursuant to Cal. Civ. Code § 1788.30(a); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b); and reasonable attorney's fees and costs pursuant to Cal. Civ. Code § 1788.30(c) from Defendant.

**Third Claim for Relief—Invasion of Privacy by Intrusion Upon Seclusion**

67. Plaintiff re-alleges and incorporates by reference the above paragraphs as through set forth fully herein.

68. Congress explicitly recognized a consumer's inherent right to privacy in collection matters in passing the Fair Debt Collection Practices Act, when it stated as part of its findings:

> **Abusive debt collection practices contribute** to the number of personal bankruptcies, to marital instability, to the loss of jobs, and **to invasion of individual privacy**. 15 USC § 1692(a) (emphasis added).

69. Congress further recognized a consumer's right to privacy in financial data in passing the Gramm Leech Bliley Act, which regulates the privacy of consumer financial data for a broad range of "financial institutions" including debt collectors albeit without a private right of action, when it stated as part of its purpose:

> It is the policy of the Congress that **each financial institution has an affirmative and continuing obligation to respect the privacy of its customers** and to protect the security and confidentiality of those customers' nonpublic personal information. 15 USC § 6801(a) (emphasis added).

70. Plaintiff had a reasonable expectation of privacy in Plaintiff's solitude, seclusion, private concerns or affairs, and private financial information.

71. Defendant interfered intentionally and/or, negligently, physically or otherwise with the solitude, seclusion, private concerns, and affairs of Plaintiff, namely, by repeatedly and unlawfully disclosing information about this debt without Plaintiff's authorization to Plaintiff's coworkers, family members, and boss via the aforementioned fax, voice mail message, and telephone conversations. Defendant's conduct invaded Plaintiff's right to financial privacy.

72. Defendant's engagement in the above-described illegal collection conduct against Plaintiff, resulted in multiple intrusions and invasions of privacy by Defendant which occurred in a way that would be highly offensive to a reasonable person in that position.

73. Defendant's conduct impacted Plaintiff's professional and personal life causing feelings of anger, frustration, helplessness, embarrassment, and stress.

74. As a result of such intrusions and invasions of privacy, Plaintiff is entitled to actual damages in an amount to be determined at trial from Defendant.

## Prayers for Relief

WHEREFORE, Plaintiff respectfully prays that judgment be entered against Defendant, and Plaintiffs be awarded damages for Defendant, as follows:

### Fair Debt Collection Practices Act

1. an award of actual damages pursuant to 15 USC § 1692k(a)(1) in an amount to be adduced at trial, from Defendant
2. an award of statutory damages of $1,000.00, pursuant to 15 U.S.C. § 1692k(a)(2)(A), from Defendant;
3. an award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant.

### Rosenthal Fair Debt Collection Practices Act

4. an award of actual damages pursuant to Cal. Civ. Code § 1788.30(a) in an amount to be adduced at trial, from Defendant;
5. an award of statutory damages of $1,000.00, pursuant to Cal. Civ. Code § 1788.30(b), from Defendant;
6. an award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1788.30(c), from Defendant.

### Invasion of Privacy By Intrusion Upon Seclusion

7. for an award of actual damages from Defendant for the emotional distress suffered as a result of the intentional and/or negligent FDCPA violations and intentional and/or negligent invasions of privacy in an amount to be determined at trial and for Plaintiff; and
8. for such other and further relief as may be just and proper.

**Trial By Jury**

Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands a trial by jury.

Dated:   February 28, 2014.           Law Offices of Roberto Robledo

*/s/ Roberto Robledo*

Attorneys for Plaintiff

## Verification of Complaint and Certification

STATE OF CALIFORNIA )
) ss
COUNTY OF SAN DIEGO )

Plaintiff Melissa Kimari, having first been duly sworn and upon oath, deposes and says as follows:

1. I am a Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified, or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

_____
Melissa Kimari

Subscribed and sworn to before me
this 28th day of February, 2014.

_Heather A. Davis_
Notary Public

State of California
County of San Diego
Subscribed and sworn to (or affirmed) before me on this 28th day of Feb 2014, by Melissa Kimari proved to me on the basis of satisfactory evidence to be the person(s) who appeared before me.

(seal)

Signature _Heather A. Davis_

HEATHER A. DAVIS
COMM. #1887013
NOTARY PUBLIC CALIFORNIA
SAN DIEGO COUNTY
My Comm. Expires Apr. 24, 2014